UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

HAWKINS SMITH, JR., )
)
    Plaintiff )
)
  v. ) Case No. 2:09-cv-356
)
JUPITER ALUMINUM CORPORATION, )
)
    Defendant )

OPINION AND ORDER

This matter is before the court on the Motion to Treat Defendant's Motion for Judgment on the Pleadings as a Motion for Summary Judgment and Extension of Time in Which to Respond [DE 29] filed by the plaintiff, Hawkins Smith, Jr., on July 16, 2010. For the following reasons, the motion is DENIED in regard to treating the defendant's Motion for Judgment on the Pleadings as a Motion for Summary Judgment and GRANTED with respect to the extension of time to respond.

Background

The plaintiff, Hawkins Smith, Jr., alleges that he was discriminated against by his employer, the defendant Jupiter Aluminum Corporation, because of his race. He filed a claim with the EEOC and was issued a Right to Sue letter. Smith filed a complaint on September 22, 2009. The defendant moved for a judgment on the pleadings on July 26, 2010, arguing that Smith

raised issues in his complaint that were not included in the claim he filed with the EEOC. Smith responded by filing this motion, arguing that Jupiter's reference to the EEOC claim converts Jupiter's Motion for Judgment on the Pleadings to a Motion for Summary Judgment.

## Discussion

Federal Rule of Civil Procedure 12(d) provides that if matters outside the pleadings are presented to support a Rule 12(c) motion for judgment on the pleadings, the motion must be treated as one for summary judgment. However, Federal Rule of Civil Procedure 10(c) states that any exhibit to a pleading is considered part of the pleading to which it is attached. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). See Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 739 n.12 (7th Cir. 1986).

Although Smith did not attach his EEOC claim, his complaint references this document. The existence of this EEOC claim is essential to Smith's case because Title VII requires a claimant to exhaust his administrative remedies prior to moving forth with his claim. See Brown v. General Services Administration, 425

U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); Patel v. Derwinski, 778 F.Supp. 1450, 1454 (N.D. Ill. 1991).  Absent proof of his EEOC claim, the court would not have subject matter jurisdiction over the case.  Therefore, Smith's EEOC claim is incorporated into the pleadings by reference, and the court DENIES Smith's Motion to Treat Defendant's Motion for Judgment on the Pleadings as a Motion for Summary Judgment.  Smith is DIRECTED to file a response no later than November 12, 2010.

ENTERED this 26th day of October, 2010.

s/ Andrew P. Rodovich
United States Magistrate Judge