```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION
```

HAWKINS SMITH, JR.,           )
                              )
          Plaintiff           )
                              )
     v.                       )    Case No. 2:09-cv-356
                              )
JUPITER ALUMINUM CORPORATION, )
                              )
          Defendant           )

## OPINION AND ORDER

This matter is before the court on the Motion for Judgment on the Pleadings [DE 26] filed by the defendant, Jupiter Aluminum Corporation, on July 6, 2010. For the following reasons, the motion is DENIED.

## Background

Hawkins Smith, an African American, began working for the defendant, Jupiter Aluminum Corporation, in June 2006 as a temporary employee. Smith became a full time welder at Jupiter on November 27, 2006, and was assigned to the plant's fabrication shop. Some time before July 23, 2008, Smith reported to the Human Resource Director, Patty Yates, that an employee hung a noose at work. Following this event, Smith claims that he was informed by other employees that Yates was accusing Smith of playing the race card and that he was told to watch his back. On July 23, 2008, Yates called Smith into her office and terminated

him for stealing time, although Smith claims that he and other employees reported that the time clocks were not working properly. Smith never had been written up or late to work prior to his termination.

Smith responded by filing an EEOC charge describing these events. Smith's charge concludes by stating that "I believe I have been discriminated against due to my race, Black, and retaliated against for reporting a racial act that was committed which is a violation of the [sic] Title VII of the Civil Rights Acts, of 1964, as amended."

Smith was issued a right to sue letter, and he filed his complaint with this court. In addition to the event Smith described in his EEOC charge, his complaint alleges that he was subjected to racial slurs and racist jokes, that he was passed over for promotions in favor of Caucasians with less seniority, that he was assigned to segregated jobs and given extra work, and that he was not fairly compensated. Jupiter now moves for judgment on the pleadings, arguing that the additional accusations in Smith's complaint exceed the scope of the EEOC charge.

## Discussion

Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings "employ[ ] the same standard that applies when reviewing a motion to dismiss for failure to state a claim under

2

Rule 12(b)(6)." Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007)). Federal Rule of Civil Procedure 12(b)(6) allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" to show that the plaintiff is entitled to relief. The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This pleading standard applies to all civil matters. Iqbal, 129 S.Ct. at 1953.

The decision in Iqbal discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by Twombly.

See Twombly, 550 U.S. at 555, 127 S.Ct. at 1955 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only factual allegations pled in a complaint. "Threadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. Iqbal, 129 S.Ct. at 1949. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss: if the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). Iqbal, 129 S.Ct. at 1949-50. See also Bonte v. U.S. Bank, N.A., 624 F.3d 461, 463 (7th Cir. 2010)("the complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"); Brown v. JP Morgan Chase Bank, 334 Fed.Appx. 758, 758-59 (7th Cir. 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability).

The Supreme Court suggested a two-step process for a court to follow when considering a motion to dismiss. Iqbal, 129 S.Ct. at 1949; Bonte, 624 F.3d at 465. First, the court should consider "whether the complaint contains an adequate 'short and plain statement of the claim showing that the pleader is entitled

to relief,' as required by Rule 8(a)(2)." Bonte, 624 F.3d at 465 (citing Iqbal, 129 S.Ct. at 1949). Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. Iqbal, 129 S.Ct. at 1949-50. Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995); Maxie v. Wal-Mart Store, 2009 WL 1766686, *2 (N.D. Ind. June 19, 2009) (same); Banks v. Montgomery, 2009 WL 1657465, *1 (N.D. Ind. June 11, 2009) (same).

"[A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice." 5C Wright & Miller, Federal Practice and Procedure Civil 3d §1367, 206-07 (West 2004). Although employing the standard of review of a motion to dismiss, a motion for judgment on the pleadings results in the final disposition of the case if judgment is entered for the movant. See 5C Wright & Miller, Federal Practice and Procedure Civil 3d §1369, 261 (West 2004) ("Both the summary judgment procedure and the motion for

judgment on the pleadings are concerned with the substance of the parties' claims and defenses and are directed towards a final judgment on the merits."). See also Collins v. Bolton, 287 F.Supp. 393, 396 (D.C. Ill. 1968) ("It is settled that a motion for a judgment on the pleadings is a motion for a judgment on the merits.").

Smith's complaint alleges discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 and under 42 U.S.C. §1981. Title VII of the Civil Rights Act of 1964 "forbids employment discrimination against 'any individual' based on that individual's 'race, color, religion, sex, or national origin.'" Burlington Northern & Santa Fe Railroad Company v. White, 548 U.S. 53, 56, 126 S.Ct. 2405, 2408, 165 L.E.2d 345 (2006) (citing Pub.L., 88-352, §704, 78 Stat. 257, as amended, 42 U.S.C. §2000e-2(a)). Title VII's separate antiretaliation provision "seeks to prevent harm to individuals based on what they do, i.e., their conduct." Burlington Northern, 548 U.S. at 63, 126 S.Ct. at 2412. The provision "forbids an employer from 'discriminat[ing] against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." 42 U.S.C. §2000e-3(a).

Title VII requires an aggrieved party

> to file a charge of discrimination with the EEOC before going to court. 42 U.S.C. §2000e-5(e)(1). If the EEOC dismisses the charge, it informs the claimant by certified mail that a civil action may be brought against the employer within 90 days of receipt of the letter. 42 U.S.C. §2000e-(f)(1). Like a statute of limitation, compliance with the 90-day time limit is not a jurisdictional prerequisite, but rather a "condition precedent" to filing suit, and is subject to equitable modification.
>
> Simmons v. Illinois Dep't of Mental Health & Developmental Disabilities, 1996 WL 19262, *2 (7th Cir. Jan. 18, 1996)(quoting Perkins v. Silverstein, 939 F.2d 463, 470 (7th Cir. 1991))

The purpose of requiring parties to file a charge with the EEOC is to give the charged party notice of the claim, to give the EEOC the opportunity to settle the dispute, and to narrow the issues for prompt adjudication. Park v. Howard University, 71 F.3d 904, 907 (D.C. 1995)(citing Leffey v. Northwest Airlines, Inc., 567 F.2d 429, 472 (D.C. Cir. 1976)); Horwitz v. Sterlint Miami, Inc., 1998 WL 245883, *2 (N.D. Ill May 4, 1998). For these reasons, a "Title VII lawsuit following the EEOC charge is limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994); Park, 71 F.3d at 907. A claim is "like or reasonably related" to the EEOC charge only if there is a

7

factual relationship between them." Horwitz, 1998 WL 245883. This standard is to be construed liberally to effectuate the purpose of Title VII. Rush v. McDonald Corp., 966 F.2d 1104, 1111 (7th Cir. 1992). However, the charge must contain greater specificity than a statement that "I believe I have been discriminated against because of my race, Black." Rush, 966 F.2d at 1111.

When applying this liberal standard, courts consistently have upheld the right to sue when the policies are "closely linked." Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985); Jenkins v. Blue Cross Mut. Hosp. Ins., 538 F.2d 164, 168-69 (7th Cir. 1976)(finding that claimant's complaint for gender discrimination was within the scope of her EEOC charge that she was discriminated against for wearing an Afro hair style). In Babrocky, the court found that the plaintiff's EEOC charge alleging that her employer maintained sex-segregated job classifications was closely linked to her complaints about discriminatory hiring, recruiting, transfer, and promotion. Babrocky, 773 F.2d at 865. The court noted that the additional claims were the logical outgrowth of the original allegations. Babrocky, 773 F.2d at 864. Generally, to be considered closely linked, the EEOC charge and complaint must, at minimum, refer to the same time frame and complain of the same employees. See Malhortra v. Cotter & Co., 885 F.2d 1305, 1312 (7th Cir. 1989) (finding that

8

the plaintiff could not raise racial harassment when his EEOC charge pertained to a different time period and different employees than the alleged harassment); Cheek, 31 F.3d at 500-01; Rush, 966 F.2d at 1111.

Here, Smith's EEOC charge only complained of the noose hung by an employee and his subsequent discharge after reporting this event, followed by a broad statement that he was a victim of race discrimination. While a claimant cannot make a broad statement of discrimination in his EEOC charge and then load his complaint with additional allegations, Smith satisfied his burden by referring to a specific discriminatory act that was taken against him. The additional harassment and racial epithets that Smith now asserts he was subjected to are derivative of his complaint concerning the noose, which was a form of racial harassment. For this reason, Smith's complaint of being subjected to racial slurs, jokes, and cartoons is within the scope of his EEOC charge.

Smith's allegations that he was passed over for promotions in favor of Caucasians with less seniority, that he was assigned a heavier work load, and was segregated from Caucasians, are more attenuated. Smith's EEOC charge pled facts to show a hostile work environment because employees hung a noose in the facility, and retaliation because he was fired for complaining of this event. The additional allegations in his complaint are not a

9

reasonable outgrowth of Smith's hostile environment charge because they do not implicate the same individuals. Cheeks, 31 F.3d at 501 ("[T]he EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals"). Smith's EEOC charge complains of discriminatory actions his co-workers took, while his complaint implicates the managers at Jupiter who assigned the work.

However, Smith argues that the additional allegations in his complaint are reasonably related to his retaliation charge because he was assigned to segregated job duties and passed over for promotion in reaction to his complaints of racial discrimination by his co-workers. (Pltf. Br. p. 3)  Assuming the shift in work assignments commenced after Smith complained of discrimination, as the court must accept as true at this stage of litigation, the allegations in Smith's complaint are reasonably related to his EEOC charge for retaliation. See Federal Rule of Civil Procedure 12(b); Land v. Chicago Truck Drivers, 25 F.3d 509, 511 (7th Cir. 1994) (stating that in a motion to dismiss, all allegations are presumed true and taken in the light most favorable to the plaintiff). The additional complaints of retaliation refer to the same individuals, Jupiter's management, and the same type of conduct Smith complained of in his EEOC charge. Under the liberal standard, these complaints are closely linked because

additional acts of retaliation are the logical outgrowth of Smith's initial charge for retaliation.

Additionally, the court is not limited to comparing Smith's complaint to the formal EEOC charge. Horwitz, 1998 WL 245883 at *2; Box v. A & P Tea Co., 772 F.2d 1372, 1375 (7th Cir. 1985) (considering the claimant's intake questionnaire); Fernando v. Rush-Presbyterian-St. Luke's Medical Center, 882 F.Supp. 119, 122 (N.D. Ill. 1995)(considering whether the complaint was within the scope of claims made during course of investigation of an EEOC charge). Rather, the court can consider whether the complaint is a reasonable outgrowth of the EEOC's investigation. Falcon v. General Telephone Co. of Southwest, 626 F.2d 369, 376-77 (5th Cir. 1980)( finding hiring and promotion practices to be like or related where EEOC investigation encompassed both)(citing Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970)("[T]he civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation . . . it is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation"); Horwitz, 1998 WL 245883 at *2 (can consider additional documents if it is the party's intention to have the EEOC investigate the type of discrimination that is revealed); Cheek, 31 F.3d at 502. Because Smith's EEOC charge alleged retaliation, it is clear that he intended for the EEOC to investigate all of

11

Jupiter's retaliatory conduct. Therefore, the additional documents and witness statements contained in the EEOC file that relate to any form of retaliatory conduct by Jupiter can be taken into consideration when comparing the similarity of Smith's charge to his complaint. Included in the EEOC file is a witness statement that Smith would be held back from advancement because of his race. This directly relates to the allegations in Smith's complaint of discrimination in promoting employees, rendering his complaint within the scope of the EEOc charge. For all of these reasons, the conduct alleged in Smith's complaint falls within the scope of his EEOC charge.

In any case, Smith brought his claims under §1981 in addition to Title VII. Section 1981 is independent of Title VII and does not have any procedural barriers. Johnson v. Railway Exp. Agency, Inc., 421 U.S. 454, 461-62, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Therefore, Smith could assert his claims under §1981 even if he failed to exhaust his Title VII administrative remedies.

Jupiter next advances an argument that the factual allegations in Smith's complaint fail to meet the pleading standard. Federal Rule of Civil Procedure 8(a) requires that a claim for relief must contain:

> (1) a short and plain statement of the
>     grounds for the court's jurisdiction,
>     unless the court already has jurisdic-

> tion and the claim needs no new juris-
> dictional support;
>
> (2) a short and plain statement of the claim
> showing that the pleader is entitled to
> relief; and
>
> (3) a demand for the relief sought, . . .

"Under Rule 8, a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is,'" Vicom v. Harbridge Merchant Serv., Inc., 20 F.3d 771, 775 (7th Cir. 1994) (citations omitted), and "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the plaintiff's claims. Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990). The Supreme Court very recently visited the requirements of Rule 8(a)(2) in Iqbal, ___ U.S. ___, 129 S.Ct. at 1937, explaining that the rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Rather, pleaders are instructed:

> To survive a motion to dismiss, a complaint
> must contain sufficient factual matter, ac-
> cepted as true, to state a claim to relief
> that is plausible on its face. A claim has
> facial plausibility when the plaintiff pleads
> factual content that allows the court to draw
> the reasonable inference that the defendant
> is liable for the misconduct alleged . . . .
>
> Threadbare recitals of the elements of a
> cause of action, supported by mere conclusory
> statements, do not suffice . . . .
>
> While legal conclusions can provide the

>     framework of a complaint, they must be supported by factual allegations.
>
> Iqbal, ___ U.S. ___, 129 S.Ct. at 1949-50

Iqbal involved allegations that the FBI and the United States Attorney General arrested and detained thousands of Arab Muslim men solely on account of discriminatory factors as a matter of policy in the wake of the September 11, 2001, terrorist attacks.  The Supreme Court reviewed a motion to dismiss for failure to plead sufficient facts to state a claim for purposeful and unlawful discrimination by a Muslim Pakistani held in confinement.  The Supreme Court found that the complaint failed to put forth contentions that were more than "bare assertions," amounting to "nothing more than a formulaic recitation of the elements of a constitutional discrimination claim, namely, that [the government] adopted a policy 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Iqbal, ___ U.S. ___, 129 S.Ct. at 1951. "As such, the allegations are conclusory and not entitled to be assumed true." "It is the conclusory nature of [the plaintiff's] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."  Iqbal, ___ U.S. ___, 129 S.Ct. at 1951.

Smith's complaint undoubtedly satisfies the pleading standard.  Jupiter argues that Smith did not plead sufficient factual matter to show that Jupiter racially discriminated against him

with respect to him being hired, properly compensated, properly trained, rightfully promoted, or transferred to another division. However, in addition to the paragraphs of facts pertaining to Smith's hostile work environment claim, paragraph 12 of Smith's complaint states that "Caucasian employees similarly situated to Plaintiff were allowed to go to Cabela's and fishing and other non-work related places during work time, and were paid as if they were working." Paragraph 29 also states that Smith was assigned extra work not given to Caucasian workers. These facts tend to show that Smith was not being fairly compensated for the amount of work expected from him. Paragraph 13 states that Smith was passed over for promotion although he had more seniority. In paragraph 24, Smith claims that he was scrutinized more closely by management, given impossible job assignments, and ostracized from his co-workers. These facts support Smith's position that he was not given the training he needed, and due to the company's heightened expectations of him, he may not have been compensated and promoted accordingly. Smith's complaint not only pleads the legal basis of his claims, but puts forth an adequate factual basis on which his claims are built. Smith's complaint sufficiently puts Jupiter on notice of Smith's allegations and the factual basis for their advancement. This is not the type of bare bones complaint that Rule 8 seeks to exclude.

_____

Based on the foregoing, the Motion for Judgment on the Pleadings filed by the defendant, Jupiter Aluminum Corporation, on July 6, 2010, is DENIED.

ENTERED this 18th day of January, 2011

s/ Andrew P. Rodovich
　　United States Magistrate Judge